Argued and submitted June 12, 1985, reversed; referee's order reinstated
January 29, 1986

In the Matter of the Compensation of
Stephen F. Taaffe, Claimant.

TAAFFE,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Respondents.*

(83-09684, 84-10308; CA A34348)

713 P2d 680

Ronald L. Bohy, Salem, argued the cause and filed the brief for petitioner.

Donna Parton Garaventa, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant petitions for review of an order of the Workers' Compensation Board which reversed the referee's order allowing claimant's aggravation claim.[1] We reverse and reinstate the referee's order.

In February, 1980, claimant, age 26, suffered a compensable contusion and strain of the right lumbocostal muscle of the back while employed by Luoto Logging Company. Dr. Rissberger treated his injury and released him for work approximately three weeks later. His claim for compensation was closed without an award of permanent disability, and claimant did not appeal. Between April, 1980, and September, 1983, claimant saw Rissberger on three occasions but did not complain about his back. Claimant concedes that he did not seek medical treatment for his back during that period. Claimant testified, however, that during that period he frequently suffered pains in his back in the same area that was injured in February, 1980. His wife corroborated his testimony. During that period he continued to work in the woods, primarily for Luoto Logging.

On September 1, 1983, he began to work as a choker setter for Von Logging Company. The work was strenuous. He testified that during his two days of work for Von Logging his back felt tense and that he occasionally felt sharp pain in the area he injured in 1980.

On September 6, 1983, claimant went jogging, according to his testimony, to ease the tension in his back. He testified that, while jogging, "I experienced a sharp pain in my back, and the muscle just went out, and I couldn't even bend over and tie my shoe or sit down, or anything." His wife again corroborated his testimony. He returned to Rissberger, who prescribed medication and ordered him to stay off work for at least a week. The next day claimant went to see Dr. Stellflug. He diagnosed "lumbar strain with attendant myofibrosis" and prescribed treatment. Stellflug subsequently stated that in his

---

[1] Claimant did not seek Board review of the portion of the referee's order that denied his "new injury" claim against Von Logging Company, his employer at the time of the September, 1983, injury. Although it is designated as a respondent here, no issue is presented with respect to its liability.

opinion claimant's condition was "a material worsening of his previous condition with no real intervening cause."

The referee found that claimant and his wife were credible witnesses. He believed claimant's testimony that, during the more than three years between the original compensable injury and the jogging incident, he had suffered frequent intervals of pain to the same area of his back. On the basis of Stellflug's opinion and the testimony of claimant and his wife, the referee held that claimant had "borne his burden of proof" and that the 1980 injury was a material contributing cause of his 1983 back problem. ORS 656.273(1)[2]; *see Grable v. Weyerhaeuser Co.,* 291 Or 387, 400, 631 P2d 768 (1981); *see also Coddington v. SAIF,* 68 Or App 439, 681 P2d 799 (1984).

The Board reversed, asserting "that claimant has not satisfied the *Grable* burden of proof primarily because we are not persuaded by Dr. Stellflug's analysis." Apparently, the Board did not believe claimant's testimony that he had frequently suffered pain in the same area of his back during the intervening time. It therefore discounted Stellflug's testimony as based on "inaccurate history."

■ We disagree with the Board and find the referee's reasoning more persuasive. He heard the witnesses, observed their demeanor and found claimant credible. Although Stellflug did not examine claimant before the jogging incident, the evidence does not support the Board's conclusion that Stellflug's opinion was based on an inaccurate history.[3] Moreover, the only competent medical evidence produced at the hearing was Stellflug's opinion. Rissberger did not testify; neither did respondent introduce any opinion letter from him. The only evidence that suggests what Rissberger's opinion may have been is claimant's statement on cross-examination that Rissberger was not willing to support an aggravation

---

[2] ORS 656.273(1) provides:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

[3] The Board's belief that Stellflug's characterization of the triggering event as "some mild exercise" and not specifically as "jogging" detracts from the weight of his opinion is not justified.

claim.[4] Respondents could have called Rissberger as a witness but did not do so.

■ We find that claimant's 1980 injury was a material contributing cause of his 1983 back problems. Claimant is entitled to compensation for aggravation of his 1980 injury.

Reversed; referee's order reinstated.

---

[4] Claimant testified on cross-examination:

"Q. And did you ask [Rissberger] to support you in making a Workers' Comp. claim for this?

"A. I told him that I would like to file an aggravation claim on that, yes.

"Q. And he wouldn't support you in that, is that right?

"A. That's true."